UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>   v.<br><br>NORTH BAY WATERPROOFING, INC., et al.,<br><br>        Defendants. | Case No. 14-cv-04056-RMW<br><br>**ORDER DENYING MOTION TO SET ASIDE DEFAULT**<br><br>**Re: Dkt. Nos. 23, 30, 31** |

Defendant Douglas Ross Corporation ("DRC") moves to set aside the default entered against it in this case. Dkt. No. 23. Plaintiff Atain Specialty Insurance opposed the motion, Dkt. No. 30, and DRC filed a reply, Dkt. No. 31. For the reasons set forth below, the court DENIES DRC's motion to set aside the default.

**I. BACKGROUND**

Atain filed this action to obtain a judicial declaration that Atain is not obligated to defend or indemnify DRC against claims asserted in an underlying action pending in Santa Clara Superior Court. *See* Dkt. No. 20, at 2–3. The claims against DRC arose out of the construction of a residential apartment complex in San Jose, California. *Id*. DRC tendered its defense in that action to Atain, based on its status as an additional insured under a policy issued to co-defendant North Bay Waterproofing. Dkt. No. 1, at ¶ 29. Atain disclaimed coverage because it contends that there is no possibility of coverage for the underlying claim for two reasons. First, because the claims do not fall within the scope of the insuring agreements, and second, because several policy exclusions eliminate coverage for the claims asserted in the underlying action. Dkt. No. 20, at 11.

Following DRC's re-tender of its defense in the underlying action to Atain, on September 5, 2014 Atain filed its complaint in this action against DRC, seeking a declaratory judgment. Dkt.

1   No. 1. On September 24, 2014, Plaintiff served the summons and complaint upon DRC by
2   personal service, pursuant to Fed. R. Civ. P. 5(b)(2)(B)(i) by leaving it with the person in charge
3   of the office of DRC and its agent for service of process. Dkt. No. 21, at ¶ 7; *see also* Dkt. Nos.
4   12, 14. Under Fed. R. Civ. P. 12(a)(1), DRC's responsive pleading was due 21 days after service
5   was completed. Here, DRC's response was due by October 15, 2014. DRC filed no response prior
6   to that date.

7   On October 20, 2014 the clerk of court entered default against defendant Douglas Ross
8   Corporation ("DRC"). Dkt No. 16. Plaintiff Atain Specialty Insurance subsequently moved on
9   December 4, 2014 for entry of default judgment against DRC. Dkt. No. 20.

10  On January 5, 2015 DRC moved to set aside the default entered against it in this case. Dkt.
11  No. 23. Plaintiff Atain Specialty Insurance opposed the motion, Dkt. No. 30, and DRC filed a
12  reply, Dkt. No. 31. On January 30, 2015 the court held a hearing on DRC's motion.

## II. ANALYSIS

A court may set aside an entry of default for good cause. *See* Fed. R. Civ. P. 55(c). In evaluating whether there is good cause to set aside a default, courts apply three factors: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Brandt v. Am. Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011). These factors are disjunctive, and the court may deny the motion if any of the three factors is present. *Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925–26 (9th Cir. 2004). Prior to entry of a default judgment, a court's discretion is especially broad in determining whether to set aside entry of default. *Mendoza v. Wight Vineyward Management*, 783 F.3d 941, 945 (9th Cir. 1986). Moreover, doubt is resolved in favor of setting aside defaults so that cases may be decided on their merits. *O'Connor v. State of Nevada*, 27 F.3d 357, 364 (9th Cir. 1994). Nevertheless, for the reasons set forth below, the court finds that DRC has not shown good cause to set aside the entry of default against it in this case.

### A. Prejudice

Atain argues that it has been prejudiced by DRC's failure to timely file a response to

- 2 -

Atain's complaint. Dkt. No. 30, at 12. Atain asserts that it was forced to file a motion for default judgment—and incur associated expenses—after DRC's failure to respond. According to Atain, neither DRC nor Arch Specialty demonstrated any intent to defend this lawsuit until several weeks after Atain had moved for default judgment. *Id.*

However, "[t]here is no prejudice to the [p]laintiff where 'the setting aside of the default has done no harm to plaintiff except to require it to prove its case.'" *Poetry Corp. v. Conway Stores, Inc.*, Case No. 14-1787, 2014 WL 3504704, at *3 (C.D. Cal. July 11, 2014) (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000)); *see also TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001) ("To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case."). Rather, "the standard is whether [plaintiff's] ability to pursue his claim will be hindered." *Id*. Plaintiff offers no suggestion that it will not be fully able to prosecute its claims. Accordingly, the court finds that the setting aside of the entry of default will not prejudice plaintiffs.

### B. Meritorious defense

A party in default must also "make some make some showing of a meritorious defense as a prerequisite to vacating an entry of default." *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). "A defendant seeking to vacate a default [] must present specific facts that would constitute a defense. But [this] burden . . . is not extraordinarily heavy." *TCI Group*, 244 F.3d at 700. The moving party need only assert a factual or legal basis that is sufficient to raise a particular defense. *See id*. Whether a particular factual allegation is true is to be resolved at a later stage. *Id*.

Atain contends that there is no possibility of coverage for underlying claims for three principal reasons: (1) the claims fall outside the scope of the insuring agreement; (2) the "Cross-Suits Liability" exclusion precludes coverage; and (3) the "Total Residential Construction" exclusion precludes coverage. Dkt. No. 30, at 9–12. Yet in its motion to set aside the entry of default, DRC addresses only the third reason, and does so without offering any facts in support. In its motion, DRC states that "there are facts and legal contentions in support of DRC's position regarding coverage." Dkt. No. 23, at 5. But DRC does not say what these facts might be. Instead

- 3 -

1  of offering facts which might show that the subject construction project was not solely residential

2  (which would be a defense to Atain's contention that coverage is precluded by operation of the

3  "Total Residential Construction" exclusion), DRC simply states that Atain failed to describe the

4  construction project as solely residential. *Id*. DRC goes on to note that "there is an issue as to

5  coverage interpretation if the project included commercial aspects." *Id*. What DRC does not do is

6  come out and allege that the project was in fact not wholly residential.

7  Even if DRC's minimal showing regarding the "Total Residential Construction" exclusion

8  qualified as a meritorious defense to that argument, DRC completely fails to address Atain's two

9  other arguments. Nothing in DRC's motion or reply suggests that the "Cross-Suits Liability"

10 exclusion is inapplicable or that the claims fall within the scope of the insuring agreement.[1]

11 In sum, DRC's showing of a meritorious defense falls short of the showing required to set

12 aside a default. On a motion to set aside the entry of default, the concern underlying the

13 meritorious defense requirement is that the court must "determine whether there is some

14 possibility that the outcome of the suit after a full trial will be contrary to the result achieved by

15 the default." *Hawaii Carpenters' Trust Funds*, 794 F.2d at 513. As the Ninth Circuit has held,

16 "[t]o permit reopening of the case in the absence of some showing of a meritorious defense would

17 cause needless delay and expense to the parties and court system." *Id*.

18 **C. Culpability**

19 Culpable conduct which would support the denial of a motion to set aside entry of default

20 exists where "there is no explanation of the default inconsistent with a devious, deliberate, willful,

21 or bad faith failure to respond." *TCI Group*, 244 F.3d at 698; see also *Brandt*, 653 F.3d at 1110.

22 "'[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing

23 of the action and intentionally failed to answer.'" *TCI Group*, 244 F.3d at 697. "[I]n this context

24 the term 'intentionally' means that a movant cannot be treated as culpable simply for having made

---

[1] DRC claims in its reply brief that it need not show specific facts supporting a meritorious defense. But DRC cites no case in support of this proposition, and in its opening brief DRC explicitly asserts that in order to satisfy the meritorious defense factor, "a defendant need only 'present specific facts that would constitute a defense.'" Dkt. No. 23, at 9 (quoting *TCI Group*, 244 F.3d at 700).

a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process.'" *United States v. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010).

Here, DRC states that its failure to respond in this case was due to a miscommunication with its insurer. *See* Dkt. No. 23, at 3. For its part, Atain argues that DRC's delay has been the result of a calculated attempt to delay and prolong proceedings. Dkt. No. 6–8. Atain's argument is essentially that DRC cannot be believed when it says that it was under the mistaken impression that Arch Specialty was going to hire counsel to defend DRC in this action, given that Arch Specialty eventually did hire counsel to represent DRC. The court is unpersuaded. Even if Arch Specialty intended all along to hire counsel, but for whatever did not, DRC did not respond to the complaint based on its mistaken understanding that Arch Specialty would hire counsel to do so. The fact that it was Arch Specialty who did eventually hire counsel to represent DRC does not necessarily indicate gamesmanship or calculated delay on DRC's part. Accordingly, the court finds no culpable conduct by DRC which would justify denying its motion to set aside the default.

### III. CONCLUSION

The court finds that DRC has not shown good cause to set aside the entry of default against it in this case. While there is a strong presumption that cases should be decided upon their merits whenever reasonably possible, *see Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009), where "defendant presents no meritorious defense, then nothing but pointless delay can result from reopening the judgment" 244 F.3d at 697. Here, DRC has failed make any showing whatsoever of meritorious defenses to Atain's claims. The court therefore DENIES DRC's motion to set aside the default.

Dated: January 30, 2015

_____
RONALD M. WHYTE
United States District Judge